IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In the Matter of the Arbitration between<br>EXCEED INT'L LIMITED,<br><br>    Applicant,<br><br>v.<br><br>DSL CORP.,<br><br>    Respondents. | § § § § § § § § § § | Civil Action No. 4:13-CV-02572 |

## EXCEED INT'L'S MOTION TO DISMISS
## DSL CORPORATION'S COUNTERCLAIMS

Exceed Int'l moves to dismiss DSL Corporation's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and moves to strike DSL's counterclaims pursuant to Rule 12(f). Exceed's application seeks confirmation of a foreign arbitration award under the New York Convention. Confirmation proceedings are summary proceedings that are to be treated under motions practice and the defenses to the proceeding are limited. Counterclaims are not a proper response. Thus, Exceed moves to dismiss DSL's counterclaims because they do not fall under the Court's subject matter jurisdiction and they do not state a claim on which relief can be granted in this proceedings, and further moves to strike DSL's counterclaims.[1]

### I.    FACTUAL BACKGROUND

On September 3, 2013, Applicant Exceed Int'l ("Exceed") filed a motion pursuant to 9 U.S.C. § 207 to confirm an arbitration award (the "Award") falling under the Convention on

---

[1] DSL's third party petition is similarly infirm. That issue will be dealt with if and when a responsive pleading to the third party petition becomes due.

the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). The Award was the result of an arbitration pursuant under the China International Economic and Trade Arbitration Commission ("CIETAC"), an organization based in China that administers arbitration proceedings.[2]

Despite receiving notices of the commencement of the arbitration, of the institution of the arbitration panel, of the pending hearing on the merits, and of the final award, DSL chose not to participate in the proceedings. DSL did not request an extension of the hearing, DSL did not challenge the panel's authority, and, though the panel informed DSL of the options after the hearing, DSL did not submit any objections or briefing to the panel or ask for a second hearing.

The panel issued its award on April 16, 2013. When it became clear that DSL would not comply with the award, Exceed filed this confirmation proceeding. DSL responded by filing an answer, counterclaim and third-party petition. *See* Am. Answer & Counterclaim, ECF No. 9, October 11, 2013. Because the Court's jurisdiction does not extend to adjudicating counterclaims in a confirmation proceeding and because the Court could not grant the relief requested by DSL in a confirmation proceeding, the Court should dismiss DSL's counterclaims. *See* Fed. R. Civ. P. 12(b)(1), (6).[3] Additionally, because DSL's counterclaims are procedurally improper, they should be stricken. *See* Fed. R. Civ. P. 12(f).

---

[2] Exceed filed the arbitration based on DSL's breach of sales contracts executed between DSL and Exceed, under which DSL agreed to purchase pipe tubing and casing. When the price for tubing and casing dropped in Houston, and DSL realized its re-sale of the pipe would not be as profitable, DSL canceled the orders, in breach of the sales contracts.

[3] DSL's counterclaims are based on contracts (or a series of contracts) containing mandatory arbitration clauses and are therefore subject to dismissal because they are outside of the Court's authority. Should the Court deny this Motion, Exceed reserves the right to compel arbitration of DSL's counterclaims. Furthermore, once the Court confirms the Award (as it should), the Award will be *res judicata* of DSL's purported counterclaims, which should have been brought in the arbitration.

## II. EXCEED'S APPLICATION IS A SUMMARY PROCEEDING

Under the Convention, Exceed's application is a summary proceeding designed to make what is a final arbitration award a judgment of the court. *Florasynth, Inc. v. Pickholtz*, 750 F.2d 171, 176 (2d Cir. 1984). The procedure is "not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). As the Supreme Court has stated:

> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.

*Scherk v. Albert-Culver*, 417 U.S. 506, 520 n.15 (1974). The Convention charges courts "*only* with enforcing or refusing to enforce a foreign arbitral award," and not "protect[ing] [the respondent] from all the legal hardships it might undergo in a foreign country as a result of this foreign arbitration or the international commercial dispute that spawned it." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 369 (5th Cir. 2003).

Indeed, awards falling under the Convention must be confirmed except in very limited circumstances—the only defenses are those enumerated in Article V of the Convention, and they are to be construed narrowly. 9 U.S.C. § 207 ("[T]he court *shall confirm* the award *unless* it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.");[4] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan*

---

[4] The Court has discretion to enforce the Award even if the party opposing enforcement satisfies its burden on the narrow defenses. *See* Convention Article V ("Recognition and enforcement of the award *may* be refused. . . only if the party [opposing enforcement] furnishes to the competent authority where the recognition and enforcement is sought, proof that [one of the exceptions to recognition applies]." (emphasis added)).

*Minyak Dan Gas Bumi Negara*, 190 F. Supp. 2d 936, 943 (S.D. Tex. 2001) judgment entered, CIV.A. H01-0634, 2002 WL 32107930 (S.D. Tex. Feb. 20, 2002) and *aff'd*, 364 F.3d 274 (5th Cir. 2004) ("The defenses specified in the Convention are narrowly construed to give effect to the Convention's goal of encouraging the timely and efficient enforcement of awards.").

### III. BECAUSE OF THE LIMITED NATURE OF THE PROCEEDINGS, COUNTERCLAIMS ARE IMPROPER.

In keeping with the summary nature of the proceedings, counterclaims cannot be asserted in confirmation proceedings under the Convention. First, the court's jurisdiction in confirmation proceedings does not expand beyond considering the limited defenses outlined in the New York Convention. *See Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008) (holding court lacked subject matter jurisdiction over claims challenging award outside of the limited grounds permitted by the New York Convention); *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 92 (2d Cir. 2005) (holding that "a district court is ***strictly limited*** to the seven defenses under the New York Convention when considering whether to confirm a foreign award."). This limitation specifically includes precluding consideration of counterclaims. *See Marker Volkl (International) Gmbh v. Epic Sports International, Inc.*, No. 12 Civ. 8729, 2013 WL 1832146 (S.D.N.Y. May 1, 2013) (dismissing counterclaims as beyond scope of authority granted to court to only consider statutorily enumerated defenses to enforcement); *China Three Gorges v. Rotec Industries, Inc.*, No. 04-1510, 2005 WL 1813025 (D. De. Aug. 2, 2005) (dismissing counterclaim brought as offset to amount of award being enforced).

Additionally, confirmation proceedings follow the procedure for motions. *Imperial Ethiopian*, 535 F.2d at 335 n.2 (noting that a motions to confirm an award under the Convention

is "a summary procedure in the nature of federal motion practice" (citing 9 U.S.C. §§ 6, 208)).[5] The only appropriate response to a motion is a response. Counterclaims, which are governed by Federal Rule of Civil Procedure 13, can only be asserted in the context of an original action. *See* Fed. R. Civ. P. 13; *Fertilizer Corp. of India v. IDI Management, Inc.*, 517 F. Supp. 948, 963 (S.D. Ohio 1981) (dismissing counterclaim interposed in response to a motion to confirm because a counterclaim is not a proper response to a motion and a confirmation proceeding is not an original action).

Federal Rule of Civil Procedure 81(a)(6) further supports this proscription on counterclaims. Under Rule 81(a)(6), the Federal Rules "to the extent applicable, govern proceedings under [9 U.S.C., relating to arbitration] except as these laws provide other procedures." So, the Federal Rules apply only where Title 9 is silent on procedure. Title 9 is not silent on the procedure to confirm arbitration awards: they are to be treated in the form of motions. 9 U.S.C. §§ 6, 208. Accordingly, counterclaims are beyond the scope of the court's jurisdiction in confirmation proceedings. *See Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 931-33 (11th Cir. 1990) (holding counterclaims are impermissible in confirmation proceedings based on Rule 81).[6]

## IV. CONCLUSION

DSL's counterclaims have no place in this confirmation proceeding and should be dismissed. The Court lacks subject matter jurisdiction to adjudicate them in this proceeding,

---

[5] Section 208 incorporates the domestic procedures of the Federal Arbitration Act, to the extent they do not conflict with the Convention. 9 U.S.C. § 208. And the domestic procedures prescribe that applications to confirm awards are to be treated "in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

[6] *Booth* involved a domestic confirmation proceeding under chapter 1 of Title 9, which, like Exceed's application, is governed procedurally by 9 U.S.C. § 6. Thus, the reasoning in *Booth* for excluding counterclaims is applicable here (if not strengthened, given that responses to confirmation proceedings under the New York Convention are even further limited than those governed by chapter 1 of Title 9, *see Encyclopedia Universalis S.A. v. Encyclopedia Britannica, Inc.*, 403 F.3d 85, 92 (2d Cir. 2005) (holding more expansive defenses for domestic confirmation proceedings are inapplicable to New York Convention confirmation proceedings).

DSL cannot be granted relief on the counterclaims in this proceeding, and the counterclaims are procedurally improper and should be stricken. *See* Fed. R. Civ. P. 12(b)(1), (6), 12(f).

Dated: November 4, 2013

Respectfully submitted,

*/s/ Andrew P. Price*
Andrew P. Price
State Bar No. 24002791
Federal ID No. 22348
andrew.price@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorney-in-Charge for Petitioner Exceed Int'l*

OF COUNSEL
FULBRIGHT & JAWORSKI L.L.P.
Andrea Fair
State Bar No. 24078488
S.D. Tex. Bar. No. 1364986
andrea.fair@nortonrosefulbright.com

# CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing document was served in compliance with Federal Rules of Civil Procedure 5 on November 4, 2013.

*/s/ Andrew P. Price*
Andrew P. Price