IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In the Matter of the Arbitration between<br>EXCEED INT'L LIMITED,<br><br>    Applicant,<br><br>v.<br><br>DSL CORP.,<br><br>    Respondents,<br><br>v.<br><br>LIDA PIPE (VIETNAM) CO., LTD.,<br><br>    Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 4:13-CV-02572<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**LIDA PIPE (VIETNAM) CO., LTD.'S MOTION TO DISMISS
DSL CORPORATION'S THIRD-PARTY COMPLAINT**

Lida Pipe (Vietnam) Co., Ltd. ("Lida Pipe") files its Motion to Dismiss DSL Corporation's ("DSL") Third-Party Complaint. The third-party complaint is procedurally improper. It is not appropriate in arbitration award confirmation proceedings under the New York Convention because such proceedings are summary proceedings that are to be treated under motions practice. There was no original action filed. And, none of DSL's third-party claims arise out the arbitration that is the subject of Exceed's application to confirm. Accordingly, Lida Pipe moves to dismiss DSL's Third-Party Complaint because it does not fall under the Court's subject matter jurisdiction and it does not state a claim on which relief can be granted in this proceeding, and moves to strike DSL's Third-Party Complaint. *See* Fed. R. Civ. P. 12(b)(1), (6), 12(f).

Lida Pipe also moves to dismiss DSL's Third-Party Complaint for lack of personal jurisdiction. Lida Pipe is a company located in Vietnam, organized under the laws of Vietnam, and with all operations in Vietnam. Lida Pipe has no presence in Texas and Texas cannot be "fairly regarded as home" for Lida Pipe, and thus, DSL's Third-Party Complaint, to the extent it can be brought in this proceeding, should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

## I. MOTION TO DISMISS AND STRIKE UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), (6), AND 12(F)

### A. Factual Background

On September 3, 2013, Applicant Exceed Int'l ("Exceed") filed a motion pursuant to 9 U.S.C. § 207 to confirm an arbitration award (the "Award") falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). The Award was the result of an arbitration pursuant under the China International Economic and Trade Arbitration Commission ("CIETAC"), an organization based in China that administers arbitration proceedings.[1] Lida Pipe was not a party to the contracts at issue or the arbitration proceeding.

Despite receiving notices of the commencement of the arbitration, of the institution of the arbitration panel, of the pending hearing on the merits, and of the final award, DSL chose not to participate in the proceedings. DSL did not request an extension of the hearing, DSL did not challenge the panel's authority, and, though the panel informed DSL of the options after the hearing, DSL did not submit any objections or briefing to the panel or ask for a second hearing.

---

[1] Exceed filed the arbitration based on DSL's breach of sales contracts executed between DSL and Exceed, under which DSL agreed to purchase pipe tubing and casing. When the price for tubing and casing dropped in Houston, and DSL realized its re-sale of the pipe would not be as profitable, DSL canceled the orders, in breach of the sales contracts.

The panel issued its award on April 16, 2013. When it became clear that DSL would not comply with the award, Exceed filed this confirmation proceeding. DSL responded by filing an answer, counterclaim and third-party petition. *See* Am. Answer & Counterclaim, ECF No. 9, October 11, 2013. Because the Court's jurisdiction does not extend to adjudicating counterclaims in a confirmation proceeding and because the Court could not grant the relief requested by DSL in a confirmation proceeding, the Court should dismiss DSL's counterclaims. *See* Fed. R. Civ. P. 12(b)(1), (6).[2] Additionally, because DSL's counterclaims are procedurally improper, they should be stricken. *See* Fed. R. Civ. P. 12(f).

B. **This is a summary proceeding, not an original action.**

Under the Convention, Exceed's application is a summary proceeding designed to make what is a final arbitration award a judgment of the court. *Florasynth, Inc. v. Pickholtz*, 750 F.2d 171, 176 (2d Cir. 1984). The procedure is "not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). As the Supreme Court has stated:

> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.

*Scherk v. Albert-Culver*, 417 U.S. 506, 520 n.15 (1974). The Convention charges courts "*only* with enforcing or refusing to enforce a foreign arbitral award," and not "protect[ing] [the respondent] from all the legal hardships it might undergo in a foreign country as a result of this

---

[2] DSL's third-party claims are based on contracts (or a series of contracts) containing mandatory arbitration clauses and are therefore subject to dismissal because they are outside of the Court's authority. Should the Court deny this Motion, Lida Pipe reserves the right to compel arbitration of DSL's counterclaims. Furthermore, once the Court confirms the Award (as it should), the Award will be *res judicata* of DSL's purported counterclaims, which should have been brought in the arbitration.

foreign arbitration or the international commercial dispute that spawned it." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 369 (5th Cir. 2003).

Indeed, awards falling under the Convention must be confirmed except in very limited circumstances—the only defenses are those enumerated in Article V of the Convention, and they are to be construed narrowly. 9 U.S.C. § 207 ("[T]he court *shall confirm* the award *unless* it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.");[3] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 190 F. Supp. 2d 936, 943 (S.D. Tex. 2001) judgment entered, CIV.A. H01-0634, 2002 WL 32107930 (S.D. Tex. Feb. 20, 2002) and *aff'd*, 364 F.3d 274 (5th Cir. 2004) ("The defenses specified in the Convention are narrowly construed to give effect to the Convention's goal of encouraging the timely and efficient enforcement of awards.").

### C. Because of the limited nature of the proceedings, third-party claims are improper.

In keeping with the summary nature of the proceedings, third-party claims cannot be asserted in confirmation proceedings under the Convention. First, the court's jurisdiction in confirmation proceedings does not expand beyond considering the limited defenses outlined in the New York Convention. *See Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008) (holding court lacked subject matter jurisdiction over claims challenging award outside of the limited grounds permitted by the New York Convention); *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 92 (2d Cir. 2005) (holding that "a district court is *strictly limited* to the seven defenses under the New York

---

[3] The Court has discretion to enforce the Award even if the party opposing enforcement satisfies its burden on the narrow defenses. *See* Convention Article V ("Recognition and enforcement of the award *may* be refused. . . only if the party [opposing enforcement] furnishes to the competent authority where the recognition and enforcement is sought, proof that [one of the exceptions to recognition applies]." (emphasis added)).

Convention when considering whether to confirm a foreign award"). This limitation specifically includes precluding consideration of counterclaims. *See Marker Volkl (International) Gmbh v. Epic Sports International, Inc.*, No. 12 Civ. 8729, 2013 WL 1832146 (S.D.N.Y. May 1, 2013) (dismissing counterclaims as beyond scope of authority granted to court to only consider statutorily enumerated defenses to enforcement). Given that counterclaims are beyond the scope of the proceeding, it follows that bringing in and asserting claims against a third-party—which was not a party to the underlying arbitration—is further outside the realm of the proceeding.

Additionally, confirmation proceedings follow the procedure for motions. *Imperial Ethiopian*, 535 F.2d at 335 n.2 (noting that a motions to confirm an award under the Convention is "a summary procedure in the nature of federal motion practice" (citing 9 U.S.C. §§ 6, 208)).[4] The only appropriate response to a motion is a response. DSL can cite no procedural mechanism to add and assert claims against a third party in response to a motion.

Like counterclaims, third-party claims, which are governed by Federal Rule of Civil Procedure 14, can only be asserted in the context of an original action. *See* Fed. R. Civ. P. 14; *see also Fertilizer Corp. of India v. IDI Management, Inc.*, 517 F. Supp. 948, 963 (S.D. Ohio 1981) (dismissing counterclaim interposed in response to a motion to confirm because a counterclaim is not a proper response to a motion and a confirmation proceeding is not an original action). For example, claims against a third-party require that the claims against the third party "aris[e] out of the transaction or occurrence that is the subject matter of the plaintiff's claim." *See* Fed. R. Civ. P. 14(a)(3). Here, there is no "plaintiff" or "plaintiff's claim" because there is no pleading initiating a lawsuit—there is an application to confirm an arbitration award, which is to be treated as a motion. 9 U.S.C. §§ 6, 208. And the "transaction or occurrence that

---

[4] Section 208 incorporates the domestic procedures of the Federal Arbitration Act, to the extent they do not conflict with the Convention. 9 U.S.C. § 208. And the domestic procedures prescribe that applications to confirm awards are to be treated "in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

is the subject matter" of Exceed's filing is the arbitration—which is not the basis of DSL's third-party claims.

Federal Rule of Civil Procedure 81(a)(6) further supports this proscription on adding third parties and asserting claims in a confirmation proceeding. Under Rule 81(a)(6), the Federal Rules "to the extent applicable, govern proceedings under [9 U.S.C., relating to arbitration] except as these laws provide other procedures." So, the Federal Rules apply only where Title 9 is silent on procedure. Title 9 is not silent on the procedure to confirm arbitration awards: they are to be treated in the form of motions. 9 U.S.C. §§ 6, 208. Accordingly, third-party practice is beyond the scope of the court's jurisdiction in confirmation proceedings. *See Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 931-33 (11th Cir. 1990) (holding counterclaims are impermissible in confirmation proceedings based on Rule 81).

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the event the third-party complaint is proper in this proceeding, DSL fails its burden to establish personal jurisdiction over Lida Pipe in Texas. As recognized by DSL, Lida Pipe is a corporation located in Vietnam and organized under the laws of Vietnam. *See* Am. Answer & Counterclaim 8, ECF No. 9. Lida Pipe manufactures steel tubing and casing. *See* Declaration Exhibit 1. All of its manufacturing facilities are in Vietnam. *Id.* None are in Texas. *Id.* Lida Pipe has never had, nor does it currently have, any offices or manufacturing or assembly plants in Texas. *Id.* Lida Pipe has never been authorized to conduct business in Texas. *Id.* Lida Pipe has never maintained a registered service agent in Texas. *Id.* Lida Pipe has never had an office, or held any interest in real property in Texas. *Id.* Lida Pipe has never held any bank accounts in Texas, or paid taxes to the State of Texas. *Id.* Lida Pipe has never maintained a telephone listing or mailing address in Texas. *Id.*

According to DSL, Lida Pipe is subject to personal jurisdiction in Texas because Lida Pipe "engages in business in Texas and has purposefully availed itself of the benefits and protections of Texas law and because Lida Pipe is the alter ego of Exceed." *See* Am. Answer & Counterclaim 8, ECF No. 9. In short, DSL alleges general jurisdiction and alter ego as the bases for personal jurisdiction. But DSL cannot satisfy its burden to show either. Thus, DSL's counterclaim against Lids Pipe should be dismissed for lack of personal jurisdiction.

### A.     DSL's allegations fail to establish general jurisdiction over Lida Pipe.

DSL bears the burden of establishing a prima facie case of a personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). DSL's allegations relate only to general jurisdiction because, even in their conclusory nature, the allegations do not purport that this controversy arises out of or is related to any of Lida Pipe's alleged contacts with Texas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (defining as specific jurisdiction where a state exercises personal jurisdiction in a lawsuit arising out of or related to the defendant's contacts with the state). Although conflicts between affidavits must be resolved in the plaintiff's favor, the Court is not required to credit conclusory allegations, even if uncontroverted. *Johnston*, 523 F.3d at 609; *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Conclusory allegations are all DSL has, and they are not enough.

General jurisdiction exists when a nonresident's contacts with the forum state are substantial, continuous, and systematic. *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)). The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum. *Id. **Even repeated contacts*** with Texas may not constitute the requisite contacts. *Id.*

Indeed, Lida Pipe is subject to general jurisdiction only if DSL can show that Texas is where Lida Pipe "*is fairly regarded as at home*," similar to an individual's residence. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011). It is not enough to show Lida Pipe continuously and systematically sends products into the stream-of-commerce to Texas. *See Goodyear Dunlop*, 131 S. Ct. at 2855 (rejecting plaintiff's argument that the "stream of commerce" theory could support a claim of general jurisdiction); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987) (holding that continuously and systematically sending products into the stream of commerce to the state asserting jurisdiction is insufficient for general jurisdiction). Thus, even if DSL could establish that Lida Pipe regularly ships its products to Texas—which it has not even alleged—it cannot use such activity alone to establish general jurisdiction.

DSL's assertion that "Lida Pipe engages in business in Texas and has purposely availed itself of the benefits and protections of Texas law" does not support the exercise of general jurisdiction. These allegations are insufficient to meet DSL's burden to show that Texas can "fairly be regarded as home" for Lida Pipe, a Vietnamese company located only in Vietnam. DSL fails to explain how Lida Pipe—which does not have an office in Texas, a registered agent for service of process in Texas, any employees in Texas, or any regular or ongoing business in Texas—can fairly be regarded as home in Texas.

In sum, DSL's bald conclusions—without any factual allegations or evidentiary support—do not establish that Lida Pipe, a Vietnamese company located in Vietnam, has substantial, continuous, and systematic contacts that subject it to general jurisdiction in Texas. *See Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414-19 (explaining that negotiating a contract in Texas with a Texas resident and sending personnel to Texas for training could not

be regarded as 'continuous and systematic contacts and thus, did not support an assertion of *in personam* jurisdiction over the defendant); *Johnston*, 523 F.3d at 612 (finding no general jurisdiction over a Canadian company that purchased $5.2 million worth of goods from Texas vendors in the past five years, was a party to two agreements with a Texas corporation, employed two Texas residents who performed work from their homes in Texas, and had a former corporate director who lived in Texas).

### B.   DSL has not established that Lida Pipe is Exceed's "alter ego."

In addition to failing to establish personal jurisdiction through general jurisdiction, DSL's eight-word alter ego allegation similarly fails. To meet the alter ego test, DSL must show that Lida Pipe is "simply a name or conduit through which [Exceed] conducts its business." *Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571, 573 (Tex. 1975). Alter ego is a high burden for DSL to meet:

> This presumption of corporate separateness, however, may be overcome *by clear evidence*. Invariably such clear evidence requires an additional or a plus factor, something beyond the subsidiary's mere presence within the bosom of the corporate family. There must be evidence of one corporation asserting sufficient control to make the other its agent or alter ego. Moreover, *the burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory.*

*See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (internal citations and quotations omitted).

DSL simply states: "Lida Pipe is the alter ego of Exceed." *See* Am. Answer & Counterclaim 8, ECF No. 9, October 11, 2013. DSL alleges no factual allegations to support its assertion, let alone provide any evidence. DSL's bare assertion does nothing to meet the "clear evidence" burden.

### III. CONCLUSION

DSL's third-party complaint should be dismissed and stricken because this is a summary proceeding that is to be treated under motions practice. It is procedurally improper and outside of the Court's subject matter jurisdiction for DSL to add and assert claims against Lida Pipe, an entity that was not a party to the arbitration award to be confirmed.

DSL's third-party complaint should also be dismissed because DSL has not and cannot meet its burden to establish personal jurisdiction over Lida Pipe, a Vietnamese company located in Vietnam with no presence in Texas.

Dated: November 12, 2013

Respectfully submitted,

/s/ Andrew P. Price
    Andrew P. Price
    State Bar No. 24002791
    Federal ID No. 22348
    andrew.price@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorney-in-Charge for Third-Party Defendant, Lida Pipe (Vietnam) Co., Ltd.*

OF COUNSEL
FULBRIGHT & JAWORSKI L.L.P.
    Andrea Fair
    State Bar No. 24078488
    S.D. Tex. Bar. No. 1364986
    andrea.fair@nortonrosefulbright.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing document was served in compliance with Federal Rules of Civil Procedure 5 on November 12, 2013.

/s/ Andrew P. Price
Andrew P. Price