IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In the Matter of the Arbitration between <br> EXCEED INT'L LIMITED, <br><br> Applicant, <br><br> v. <br><br> DSL CORP., <br><br> Respondents. | § § § § § § § § § § § § Civil Action No. 4:13-CV-02572 |

## REPLY IN SUPPORT OF EXCEED INT'L'S MOTION TO DISMISS DSL CORPORATION'S COUNTERCLAIMS

DSL provides the Court no case in which a counterclaim has been permitted and litigated in an arbitration confirmation proceeding. And despite acknowledging that confirmation proceedings are not original actions, but are to be treated under motions practice, DSL cites no support for jurisdiction over a counterclaim raised in anything other than a responsive pleading in an original action. *Cf.* Fed. R. Civ. P. 13 (permitting counterclaims as part of a responsive *pleading*); Fed. R. Civ. P. 7 (distinguishing pleadings from motions).

DSL cites no authority because it cannot. Counterclaims are improper in confirmation proceedings, especially those under the Convention, where "a district court is ***strictly limited*** to the seven defenses under the New York Convention when considering whether to confirm a foreign award." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 92 (2d Cir. 2005). In fact, the one case DSL cites in support of its response reiterates the "mandatory recognition or enforcement of a foreign arbitral award," except where one of the seven enumerated defenses are shown. *See* Resp. ¶ 19, ECF No. 18, Nov. 25, 2013 (citing *China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004)).

Instead, DSL argues that because its counterclaim is not a defense under the Convention, it should be permitted. DSL misses the point. The very fact that its counterclaim is not a defense under the Convention—indeed, it is no defense at all, but, as DSL concedes, "an ***independent basis*** for relief,"—is fatal. *See* Resp. ¶ 13, ECF No. 18, Nov. 25, 2013. This Court is limited to considering only those defenses explicitly permitted under the Convention; it does not have jurisdiction over independent bases for relief. *See Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008) (holding that complaint alleging RICO, DTPA, fraud, and other violations constituted a collateral attack on the award, which the court lacked jurisdiction to consider because they fell outside of the limited defenses permitted by the Convention); *Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948, 963 (S.D. Ohio 1981) (dismissing counterclaim lodged in response to a motion to confirm).[1]

DSL even urges that the Convention's implementing legislation "does not prohibit consideration of other matters." *See* Resp. ¶ 14, ECF No. 18. DSL fails to acknowledge the limitations of 9 U.S.C. § 207: "[T]he court ***shall confirm*** the award ***unless*** it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." Courts are charged "***only*** with enforcing or refusing to enforce a foreign arbitral award," not litigating "complex factual determinations" as part of independent claims for relief. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 369 (5th Cir. 2003) (noting that courts are limited only to "enforcing or refusing to

---

[1] DSL erroneously concludes that *Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948 (S.D. Ohio 1981) was incorrectly decided because the court "summarily ruled." DSL cites no authority and presents no support why the court's ruling—which is consistent with the jurisprudence on the summary and limited nature of confirmation proceedings—is incorrect. Likewise, DSL fails to distinguish *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925 (11th Cir. 1990). In *Booth*, the respondent made the same argument DSL makes here: that the court is "required to, at the least, analyze the counterclaims to determine the most efficient method of resolving the claims between the parties." *Id.* at 930-31. The Eleventh Circuit disagreed and affirmed the dismissal of the counterclaims. *Id.* at 931-33. DSL provides no reason why the law applied in *Booth* is inapplicable here.

enforce a foreign arbitral award"); *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) (recognizing that confirmation proceedings are "not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm").

The fact that DSL may be able to bring its claims in a separate action under diversity jurisdiction does not make them appropriate in a confirmation proceeding. And DSL cites no case using supplemental jurisdiction to allow counterclaims in a confirmation proceeding.[2] To the contrary, because counterclaims undermine the nature of this summary proceeding, courts dismiss them. *See Marker Volkl (Int'l) Gmbh v. Epic Sports Int'l, Inc.*, No. 12 Civ. 8729, 2013 WL 1832146 (S.D.N.Y. May 1, 2013) (dismissing counterclaims as beyond scope of authority granted to court to only consider statutorily enumerated defenses to enforcement); *China Three Gorges v. Rotec Industries, Inc.*, No. 04-1510, 2005 WL 1813025 (D. De. Aug. 2, 2005) (dismissing counterclaim brought as offset to amount of award being enforced).[3]

DSL alternatively asks the Court to sever its counterclaims. But the Court does not have jurisdiction to sever claims that are not properly before it. The Rule governing severance contemplates misjoinder of a party, which is not at issue here.

Because the Court lacks jurisdiction to adjudicate DSL's counterclaims in this proceeding, DSL cannot be granted relief on the counterclaims in this proceeding, and the

---

[2] DSL also does not provide any basis to support that its claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," which is required for supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). That is because its counterclaims do not form part of the dispute about the confirmation of the arbitration award, a point DSL goes to great lengths to emphasize.

[3] As for *res judicata*, the CIETAC rules provide for counterclaims. DSL even seems to acknowledge that the award bars its counterclaims that are based on the same contracts as the underlying arbitration. *See* Resp. ¶ 18, ECF No. 18 (distinguishing its claims based on contracts that were the subject of the underlying arbitration from those based on different contracts and arguing that *res judicata* does not apply "[t]o the extent DSL's claims either are not subject to arbitration or involve matters not at issue in the arbitration").

counterclaims are procedurally improper, the Court should dismiss DSL's counterclaims. *See* Fed. R. Civ. P. 12(b)(1), (6), 12(f).

Dated: December 2, 2013

Respectfully submitted,

*/s/ Andrew P. Price*
Andrew P. Price
State Bar No. 24002791
Federal ID No. 22348
andrew.price@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorney-in-Charge for Petitioner Exceed Int'l and Lida Pipe (Vietnam) Co., Ltd.*

OF COUNSEL
FULBRIGHT & JAWORSKI L.L.P.
Andrea Fair
State Bar No. 24078488
S.D. Tex. Bar. No. 1364986
andrea.fair@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing document was served in compliance with Federal Rules of Civil Procedure 5 on December 2, 2013.

*/s/ Andrew P. Price*
Andrew P. Price